UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

C.D. MOMBER SALES, LLC, a
Michigan Limited Liability Company

    Plaintiff,

v.

SPARTA TOWNSHIP, a Michigan
Civil Township, and DALE BERGMAN,
MARCY SAVAGE, ASHLEY JOHNSON,
JASON BRADFORD, BARB JOHNSON,
BILL GOODFELLOW, and ROB STEFFENS,

    Defendants.

Civil Action No.

Judge:

Bernard Schaefer (P40114)
Attorney for Plaintiff
161 Ottawa NW, Ste. 212
Grand Rapids, MI 49503
(616) 272-4361
attorney@bernardschaefer.com

## VERIFIED COMPLAINT WITH ATTORNEY APPEARANCE AND DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, C.D. Momber Sales, LLC, and its counsel, Bernard Schaefer, now APPEARING herein, and for its Verified Complaint, states as follows:

1.    Plaintiff, C.D. Momber Sales, LLC, is a Michigan Limited Liability Company (hereinafter "Plaintiff"), which owns real property located in Kent County in the Western District of Michigan.

2.    Defendant, Sparta Township, is a civil township located in Kent County in the Western District of Michigan (hereinafter "Defendant Township").

3. Defendants Dale Bergman, Marcy Savage, Ashley Johnson, Jason Bradford, Barb Johnson, Bill Goodfellow, and Rob Steffens, are adult individuals residing in Kent County in the Western District of Michigan (hereinafter collectively "Individual Defendants").

4. This Court has jurisdiction as this action arises under the US Constitution, 42 U.S.C. §1983 and 42 U.S.C. §1988, and Plaintiffs' damages exceed $3,800,000.

5. Venue properly lies in this District under 28 U.S.C. §1391(b).

6. Every owner of property located in Sparta Township, which is adjacent to the Village of Sparta, has the inherent right to request annexation by the Village, in order to access its water and sewer service and development opportunities under its Code of Ordinances (hereinafter "Development Rights").

7. Plaintiff owns approximately 58 acres of land located at 2124 12 Mile Rd NW in the Township of Sparta, adjacent to the Village of Sparta, in Kent County, Michigan (hereinafter "Property"), with a legal description as set forth on **Exhibit A**.

8. Defendants Bradford, Barb Johnson, Goodfellow and Steffens are Trustees of the Defendant Township, while Defendant Bergman is the Township Supervisor, Defendant Savage is the Township Clerk and Defendant Ashley Johnson is the Township Treasurer.

9. When the events alleged in this Complaint occurred the Defendants were acting under color of law.

10. On or about June 20, 2009, the Defendant Township and the Village of Sparta conspired to deprive certain Property owners of the Development Rights available through annexation by the Village of Sparta.

11. Plaintiff purchased its Property without notice of the conspiracy as there was no document recorded with the Kent County Register of Deeds that would appear in the Property's chain of title and thereby give them notice of the conspiracy.

12. The Village of Sparta ended their participation in the conspiracy on February 17, 2025, with respect to Plaintiff's Property, when it adopted a Resolution of Intent to alter the Village of Sparta's boundaries and approved an Annexation of the subject Property **(Exhibit A)**.

13. The Village of Sparta then submitted an Annexation Petition for Plaintiff's Property to the Board of Commissioners of Kent County, Michigan **(Exhibit B)**.

14. The Defendant Township and Individual Defendants then took acts in furtherance of the conspiracy, including but not limited to the following:

   a. Retained counsel to file an action for a Declaratory Judgment that the language in paragraph 2.1 of the June 20, 2009, Agreement for Conditional Transfer of Property (hereinafter "425 Agreement") **(Exhibit C)** prohibited the Village of Sparta from annexing Plaintiff's Property.

   b. Prevailed upon Al Vandenberg, Administrator/Controller of Kent County, not to allow the Board of Commissioners to consider the Village of Sparta's Annexation Petition for Plaintiff's property because of the 425 Agreement **(Exhibit D)**.

15. The acts of the Defendants caused the County of Kent not to act on the Annexation Petition, thus depriving Plaintiff of its Development Rights through annexation by the Village of Sparta.

16. The Defendants actions violated 42 U.S.C. §1983 as they have deprived Plaintiff of the right to just compensation for the taking of their Development Rights as required by the Fifth Amendment of the U.S. Constitution.

17. As a direct and proximate result of Defendants' conduct the Plaintiff suffered damages in the following respects:

    a. Reduced the value of its Property.

    b. Lost profits which could be earned through development pursuant to annexation of its Property by the Village of Sparta

## RELIEF REQUESTED

WHEREFORE the Plaintiff respectfully requests the following relief:

a. That this Honorable Court order the Defendants to pay the Plaintiff damages for the taking of its Development Rights.

b. Reasonable attorney fees and costs under 42 U.S.C. §1988.

c. Such other relief as may be just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a Trial by jury.

RESPECTFULLY SUBMITTED,

Dated: October _14_, 2025

/s/ *Bernard Schaefer (P40114)*
Bernard Schaefer (P40114)
Counsel for Plaintiff

## VERIFICATION

STATE OF MICHIGAN  )
                                     ) ss.
COUNTY OF KENT      )

     NOW COME Chad Momber and John Klamt, the Members of the Plaintiff, C.D. Momber Sales, LLC, being first duly sworn and state that the above Complaint is true and correct, to the best of their knowledge, information, and belief.

C.D. Momber Sales, LLC

Dated: October 14, 2025

By: Chad Momber
Its: Member

Dated: October 14, 2025

By: John Klamt
Its: Member

     The foregoing was subscribed to, sworn to, and acknowledged before me this 14th day of October 2025.

Bernard Schaefer, Notary Public
Kent County, State of Michigan
My Commission Expires: 10/31/26

5